IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IDA C. BEGAY, NITA R. AUGUSTINE, KEE AUGUSTINE, KEE SANDOVAL, GEORGE HARKES, JR., ALICE J. WHITE, BEN C. YAZZIE, LOUISE J. YAZZIE, and SHII SHI KEYAH ALLOTTEES ASSOCIATION on their own behalf and on behalf of all those similarly situated,

      Plaintiffs,

vs.                                                No. CIV 09-0137 JB/RLP

PUBLIC SERVICE COMPANY OF NEW MEXICO (PNM), EL PASO CORPORATION, ENTERPRISE PRODUCTS PARTNERS, L.P., KINDER MORGAN, NEW MEXICO GAS COMPANY, TRANSWESTERN PIPELINE CO., LLC, TUCSON ELECTRIC POWER COMPANY, WESTERN REFINING, INC., KEN SALAZAR, Secretary of the Interior, et al. and the UNITED STATES OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Clarification of Judgment Pursuant to F.R.C.P. 59(e), filed April 28, 2010 (Doc. 101)("Motion"). The Court held a hearing on December 3, 2010. The primary issue is whether the Court should clarify that, in its Memorandum Opinion, filed April 15, 2010 (Doc. 99)("Memorandum Opinion"), it did not reach the question whether the statute of limitations on the Plaintiffs' administrative appeal had run, which is a collateral issue to the matter that Court addressed. Because all of the parties agreed to the Court denying the Motion and clarifying that it did not reach question of whether the statute of limitations has run on the Plaintiffs' administrative appeal, the Court denies the Plaintiffs' Motion.

**FACTUAL BACKGROUND**

Plaintiffs Ida C. Begay, Nita R. Augustine, Kee Augustine, Kee Sandoval, George Harkes, Jr., Alice J. White, Ben C. Yazzie, and Louise J. Yazzie are members of the Navajo Nation in Arizona, New Mexico, and Utah. See Complaint for Equitable and Legal Relief ¶ 1, at 2, filed February 11, 2009 (Doc. 1)("Complaint"). The Navajo Nation is a federally recognized Indian tribe, and the individual Plaintiffs are residents of New Mexico. See Complaint ¶ 1, at 2. The individual Plaintiffs are also allottees who, pursuant to the General Allotment Act of 1887, 25 U.S.C. §§ 331-357, have an ownership interest in land within the boundaries of the Navajo Nation. See Complaint ¶ 1, at 2. Under Indian law, allotment is a term of art that means a parcel of fixed land, taken from a larger, common parcel, granted to an individual. See Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 142 (1972).

Shii Shi Keyah Allottees Association ("Allottees Association") is an organization composed of 2,500 to 3,000 individual Indian allottees and landowners in the Four Corners Region.[1] See Complaint ¶ 10, at 3. The Allottees Association represents the interests of Navajo allottees. See Complaint ¶ 10, at 3. The Allottees Association is a party only with respect to Count I of the Complaint, and represents the interests of the allottees with regard to matters relating to rights-of-way for natural resources and utilities. See Plaintiffs' Response to Motions to Dismiss and Strike at 38-39, filed September 9, 2009 (Doc. 62)("Plaintiffs' Response").

Defendants are comprised of the following:

(i) Defendant Public Service Company of New Mexico ("PNM"), a wholly-owned subsidiary of PNM Resources, Inc., is organized under the laws of the State of New Mexico and has

---

[1] The "Four Corners Region" is the geographical area near the point where the states of Colorado, New Mexico, Arizona and Utah meet.

its principal place of business in Albuquerque, New Mexico.  See Complaint ¶ 11, at 3.

      (ii)      Defendant New Mexico Gas Company ("NMGC") is a subsidiary of Continental Energy Systems LLC, is organized under the laws of the State of New Mexico, and has its principal place of business in Albuquerque.  See id. ¶ 12, at 3.

      (iii)      Defendant El Paso Corporation is a Delaware corporation with its principal place of business in Houston, Texas.  See id. ¶ 13, at 4.  The Court refers to El Paso Corporation and its subsidiary, El Paso Natural Gas Company, collectively as "El Paso Natural Gas."

      (iv)      Defendant Enterprise Products Partners L.P. ("Enterprise Products") is a publicly traded Delaware limited partnership with its principal place of business in Houston.  See id. ¶ 14, at 4.

      (v)      Defendant Kinder Morgan is a group of entities comprised of Kinder Morgan Energy Partners, L.P., a publicly traded Delaware limited partnership, with its principal place of business in Lakewood, Colorado; Kinder Morgan Management, LLC, a publicly traded Delaware limited liability company with its principal place of business in Houston; and Knight Inc., a Delaware corporation with its principal place of business in Houston.  See id. ¶ 15, at 4.

      (vi)      Defendant Transwestern Pipeline Co., LLC ("Transwestern Pipeline") is a Delaware limited liability company with its principal place of business in Houston.  See id. ¶ 16, at 4.

      (vii)      Defendant Tucson Electric Power Company ("Tucson Electric") is a wholly owned subsidiary of Unisource Energy Corporation, is organized under the laws of the State of Arizona and has its principal place of business in Tucson, Arizona.  See id. ¶ 17, at 4-5.

      (viii)      Defendant Western Refining, Inc. ("Western Refining") is a publicly traded Delaware corporation organized under the laws of the State of Delaware, with its principal place of business in El Paso, Texas.  See id. ¶ 18, at 5.[2]

      (ix)      Defendant Ken Salazar is the Secretary of the Interior.  See id. ¶ 19, at 4.

PNM, NMGC, El Paso Natural Gas, Enterprise Products, Kinder Morgan, Tucson Electric, and Western Refining are referred herein as the "Corporate Defendants."  Each of the Corporate Defendants owns rights-of-way on allotment lands in which one or more of the individual Plaintiffs

---

[2] In the Joint Motion to Dismiss, Western Refining advised that its proper name is Western Refining Pipeline Company, a New Mexico corporation, formerly known as Giant Pipeline Company, and that the Plaintiffs will be amending the Complaint to include the entity's proper name.  See Joint Motion to Dismiss at 2 n.3 (Doc. 57).

own an interest. See id. ¶ 29, at 7. PNM owns several rights-of-way in New Mexico and has transferred some of its ownership interests in some rights-of-way to NMGC. See id. ¶ 11, at 3.

## PROCEDURAL BACKGROUND

On February 11, 2009, the Plaintiffs filed their Complaint for Equitable and Legal Relief, asserting that the Department of Interior's Bureau of Indian Affairs ("BIA") did not fulfill its statutory obligations under 25 U.S.C. § 325 and 25 C.F.R. §§ 169.1-.28 with regard to granting rights-of-way over the land of the individual Plaintiffs and of the potential class members. See Complaint ¶ 20, at 5. Specifically, the Plaintiffs asserted that the BIA is required to review all proposed rights-of-way on allotment land for pipelines, electrical transmission lines, and other uses. See id. ¶ 31, at 8. The Plaintiffs also contended that the BIA may approve the proposed rights-of-way "only if they are priced at fair market value, and only after obtaining an appraisal value of the land at issue and advising the Navajo allottees regarding the appraisals to assist them in the [right-of-way] negotiations." Complaint ¶ 31, at 8 (citing 25 C.F.R. § 169.12). The Plaintiffs alleged that the Secretary, acting through the BIA's offices, has breached his fiduciary duties by failing and continuing to fail: (i) to obtain appraisals; (ii) to require market value as a condition for granting rights-of-way on allotment land; and (iii) to advise the landowners of the appraisal information. See Complaint ¶ 36, at 9. The Plaintiffs asserted that the United States did not, in most cases, obtain appraisals of the rights-of-way, and, therefore, did not determine the fair market value of the rights-of-way. See Complaint ¶¶ 41-42, at 10-11. Further, they contended, the United States did not advise the allottees of appraisal information, or assist them with negotiating the rights-of-way or in deciding whether to consent to the rights-of-way. See Complaint ¶ 41-42, at 10-11. The Plaintiffs sought declaratory and injunctive relief against the United State for breach of trust, because they

alleged the United States has failed, and continues to fail, to obtain appraisals, to assist and to advise Navajo allottees of appraisal information, and to insist on fair market value "as a condition for granting [rights-of-way] on" Navajo allottees' lands. Complaint ¶ 47, at 11.

The Plaintiffs also sought certification as a class of all Navajo allottees with rights-of-way on their allotments in the Checkerboard Area within the Navajo Nation. See Complaint ¶ 48, at 11. The Checkerboard Area is the area of land within the Navajo Nation where Navajo allotment lands are intermingled with trust lands of the Navajo Nation, private lands that the Navajo Nation and individual Navajos own, land owned by non-Indians, and federal lands, in a checkerboard pattern. See id. ¶ 27, at 7. The Allottees Association brought its claim only with regard to Count I of the Complaint. See Plaintiffs' Response at 38-39. The individual Plaintiffs, and the class they sought to certify, asked the Court to certify Count II as a class action on behalf of all Navajo allottees with rights-of-way owned by the Corporate Defendants on their allotments in the Checkerboard Area of the Navajo Nation and to designate the Plaintiffs' counsel as class counsel. They further asked the Court to declare that the Corporate Defendants hold, and continuously have held, the rights-of-way in constructive trust for the benefit of the allottees, and that, by maintaining their pipelines and other transmission lines on the allottees' property, the Corporate Defendants have breached that trust. Additionally, they requested the Court to declare that the Corporate Defendants have continuously committed trespass and wrongful invasion and occupation of their allotments; to cancel the outstanding rights-of-way, and to enjoin the Defendants to immediately remove their pipelines and transmission lines from the allottees' land. The Plaintiffs asked the Court to award damages, including punitive damages; to order the Corporate Defendants to pay the Plaintiffs the value of all rights-of-way from the time they received them, with interest thereon; to award disgorgement of

profits, restitution, or other appropriate relief; and to award Plaintiffs costs of suit, including reasonable attorneys' fees, and all other appropriate equitable or legal relief. See Complaint ¶¶ A-H, at 14-15; id. ¶¶ A-I, at 16-17.

As part of their claims, the Plaintiffs requested that their counsel be designated as class counsel. See Complaint ¶ B, at 12.  They requested that a declaratory judgment be entered against the United States declaring that the practices of which the Plaintiffs complained in the Complaint are a breach of trust and violation of the fiduciary duty towards the Navajo allottees. See Complaint ¶ C, at 12.  Additionally, they requested that the Court preliminarily and permanently enjoin the United States to perform its duties under the statutes and regulations that regulate the grant of rights-of-way on trust lands; that the Court grant injunctive or other appropriate relief to prevent future renewal or awarding of rights-of-way on allottee land at below fair-market value and without an appraisal; and that the Court award the Plaintiffs their costs of suit, including reasonable attorneys' fees and other appropriate equitable or legal relief.  See Complaint ¶¶ D, E, and F, at 13.

On July 1, 2009, the Federal Defendants[3] filed the Federal Defendants' Motion to Dismiss and Memorandum in Support (Doc. 44), moving the Court to dismiss Count I of the Complaint pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The Federal Defendants asserted that the Complaint contained claims that exceed the statute of limitations and that the allottees had failed to exhaust their administrative remedies.  The Federal Defendants argued that the allottees did not have standing to pursue claims pertaining to allotments on which there are no recorded rights-of-way and that the Allottees Association lacks standing because it cannot meet the requirements necessary to be accorded "representational standing."

---

[3] Salazar and the United States are referred to together herein as the "Federal Defendants."

On July 15, 2009, Transwestern Pipeline filed Defendant Transwestern Pipeline Company, LLC's Motion to Dismiss Plaintiffs' Claims for Ejectment or Removal of Pipeline and for Trespass for Lack of Jurisdiction (Doc. 53), which asserted that the Natural Gas Act of 1938, 15 U.S.C. §§ 717 through 717z ("NGA"), abrogates or preempts the Plaintiffs' common-law trespass claims. See Transwestern's Motion to Dismiss at 2. Further, it asserted that, under the NGA, the Federal Energy Regulatory Commission ("FERC") has exclusive jurisdiction over the dedication and abandonment of interstate natural-gas pipelines, and that the Plaintiffs' request conflicted with FERC's jurisdiction. See Transwestern's Motion to Dismiss at 2. Transwestern Pipeline argued that, accordingly, the Court is without jurisdiction to order Transwestern Pipeline to abandon or to remove its pipelines which are under FERC's governance. See id. at 2.

On July 15, 2009, El Paso Natural Gas filed its Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. 54)("El Paso's First Motion to Dismiss"), which asked the Court to dismiss the claim against El Paso Natural Gas under Counts II and III of the Complaint. See El Paso's First Motion to Dismiss at 1. El Paso Natural Gas contended that the Federal Defendants do not have an enforceable trust duty to the Plaintiffs pertaining to the approval of rights of way, and, even if they did, the Plaintiffs could not assert claims based on "private trust law principles of transferee liability" to "a third-party grantee from the government of [rights-of-way] on allotted lands." El Paso's First Motion to Dismiss at 3. El Paso Natural Gas also asserted that the NGA has displaced the trespass claims.

On July 15, 2009, El Paso Natural Gas filed El Paso's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(7) (Doc. 55)("El Paso's Second Motion to Dismiss"), which requested the dismissal of the Plaintiffs' claims against them in Counts II and III of the Complaint. El Paso

Natural Gas asserted that the Plaintiffs' claims are not ripe for review because the Plaintiffs had not asserted that they exhausted their administrative remedies. See El Paso's Second Motion to Dismiss at 2. El Paso Natural Gas further argued that, if the Court dismissed the claim against the Federal Defendants, it should also dismiss the claims against El Paso Natural Gas for inability to join an indispensable party. See El Paso's Second Motion to Dismiss at 2. El Paso Natural Gas pointed to deficiencies in the Yazzie allegations regarding allotment 1470, contending that the Plaintiffs did not assert any facts regarding the date of the BIA's approval of the application, how the acts violated the right-of-way statutes and regulations, and whether Yazzie appealed the BIA's approval or renewal of the grant. See El Paso's Second Motion to Dismiss at 5.

On July 15, 2009, Kinder Morgan filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 56), which requested that the Court dismiss the Plaintiffs claims regarding Allotments No. 11465 and 11469 for lack of standing.

On July 15, 2009, the Corporate Defendants filed their Joint Motion to Dismiss and Memorandum in Support of Defendant Enterprise Products Partners, L.P., Kinder Morgan, Transwestern Pipeline Company, LLC, Western Refining, Inc., Public Service Company of New Mexico, New Mexico Gas Company, Inc., and Tucson Electric Power Company Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7) (Doc. 57), which contended that the Plaintiffs had failed to exhaust their required administrative remedies, the action was not ripe for judicial review, the Federal Defendants' immunity was not waived, and the claims against the Federal Defendants were time-barred. See Joint Motion to Dismiss at 3. They further asserted that the Court should dismiss the Complaint because the Federal Defendants were indispensable parties. See Joint Motion to Dismiss at 3.

Also on July 15, 2009, the Corporate Defendants filed their Joint Motion to Dismiss and Memorandum in Support of Defendants Enterprise Products Partners, L.P., Kinder Morgan, Transwestern Pipeline Company, LLC, Western Refining, Inc., Public Service Company of New Mexico, New Mexico Gas Company, Inc., and Tucson Electric Power Company Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 58), which asserted that the General Right of Way Act of 1948, and its implementing regulations, do not impose a trust responsibility upon the United States which gives rise to liability against the Federal Defendants.  Further, they argued that the Right of Way Act "does not evince an intent to authorize a private right of action against" the third-party grantees of the rights-of-way.  Enterprise's Second Motion to Dismiss at 3.  The movants asserted that, if the Plaintiffs could not recover against the Federal Defendants, then the Plaintiffs could not succeed on a claim against the Corporate Defendants.  See Enterprise's Second Motion to Dismiss at 3.  They additionally argued that the Complaint fails to state a claim against them for trespass, because the Plaintiffs consented to the movants entering their land for the right-of-way purposes.  See Enterprise's Second Motion to Dismiss at 3.  Lastly, they argued the Complaint fails under the applicable statute of limitations.  See Enterprise's Second Motion to Dismiss at 3.

On September 9, 2009, the Plaintiffs filed their response, addressing all of the motions that the Federal Defendants and Corporate Defendants had previously filed.  The Plaintiffs asserted that the Federal Defendants breached their trust responsibilities under the Indian Rights of Way Act, 25 U.S.C. §§ 323-28 and its implementing regulations, to the detriment of the class.  See Plaintiffs' Response at 12.  The Plaintiffs argued that the Corporate Defendants benefitted from and participated in the breach by accepting the discounted rights-of-way.  See id. at 12.  They further contended that the Federal Defendants' "failure to obtain appraisals, to assist allottees in negotiating

[rights-of-way] and to obtain fair market value for [rights-of-way] continue[d] to the present." Plaintiffs' Response at 17. The Plaintiffs sought declaratory and injunctive relief against the Federal Defendants to enforce the trust. See id. at 18. The Plaintiffs also sought all legal and equitable relief available against the Corporate Defendants. See id.

The Plaintiffs noted in their response that they cited the Indian Tucker Act, 28 U.S.C. § 1505, in their Complaint, but were not proceeding under the Act because, with regard to the Federal Defendants, they were not seeking money damages. See Plaintiffs' Response at 18. The Plaintiffs based the Court's jurisdiction on the federal-question jurisdiction statute, 28 U.S.C. § 1331, and the General Allotment Act, 25 U.S.C. § 345, and asserted that the Federal Defendants had waived sovereign immunity under 5 U.S.C. § 702.

On November 4, 2009, the Corporate Defendants filed their reply briefs pertaining to their motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(7) and Fed. R. Civ. P. 12(b)(6). See Docs. 71 and 72. Also on November 4, 2009, Transwestern Pipeline filed its reply in support of its motion to dismiss the Plaintiffs' claims for ejectment or removal of pipeline, for trespass, and for lack of jurisdiction. See Doc. 73. On November 4, 2009, El Paso Natural Gas also filed its reply to its motion to dismiss under rule 12(b)(6), which contended that the Plaintiffs did not allege that it violated any law or allege any facts upon which relief against a third party could be granted. See Doc. 74 at 1. On that same day, El Paso Natural Gas also filed its reply to its motion to dismiss under rule 12(b)(1) and 12(b)(7), see Doc. 75, which argued that the Plaintiffs' response failed to establish that their claim presents a ripe case or controversy under Article III of the United States Constitution, particularly arguing that the Plaintiffs had failed to exhaust their administrative remedies and that the United States is an indispensable party. See El Paso Natural Gas Reply at 1

at 15.

On December 10, 2009, the Plaintiffs filed the Plaintiffs' Motion for Leave to File Sur-Reply to Pages 11-16 of "El Paso's Reply Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(6)," Doc. 82, stating that El Paso Natural Gas argued for the first time in its reply brief that its activities were privileged under the Noerr-Pennington doctrine[4] and seeking leave to file a surreply addressing that argument. See Plaintiffs' Motion for Leave at 1.

On March 31, 2010, the Court filed an Order dismissing the Plaintiffs' claims against all Defendants in this case. See Order, filed March 31, 2010 (Doc. 98). The Court issued its Memorandum Opinion on April 15, 2010, explaining more fully the Court's reasoning for its March 31, 2010 Order. In its Memorandum Opinion, the Court held that, for purposes of the applicable six-year statute of limitations, 28 U.S.C. § 2401(a), the Plaintiffs owning interests in Allotment Nos. 1497, 11164, 11358, 11359, and 11445 were put on notice of their claims arising out of United States' approval of rights-of-way across their allotments, allegedly without appraisals and without obtaining fair market value, at the time they consented to those rights-of-way. The Court stated in its Memorandum Opinion: "The Plaintiffs knew the Federal Defendants were granting the rights-of-way for compensation. They were put on notice of their claim at that time. The Plaintiffs each then had six years after consenting to the rights-of-way to investigate and file any necessary claims." Memorandum Opinion at 48. Because the rights-of-way across the designated allotments were all approved more than seven years before the filing of Plaintiffs' Complaint, the Court dismissed the claims of the owners as to those allotments. See Memorandum Opinion at 48-49.

---

[4] See Mine Workers v. Pennington, 381 U.S. 657, 670 (1965); E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc., 365 U.S. 127, 136 (1961).

As a separate matter, the Court also dismissed without prejudice all of the Plaintiffs' other claims. See Final Judgment, filed April 16, 2010 (Doc. 100). As to the Federal Defendants, the Court concluded in its Memorandum Opinion that such claims were not presently subject to judicial review, because the Plaintiffs had failed to exhaust their administrative remedies. See Memorandum Opinion at 56. In making this ruling, the Court rejected an argument that the Plaintiffs did not need to exhaust administrative remedies, "because they did not receive notification from the BIA of their right to appeal." Memorandum Opinion at 55. The Court reasoned first that, "[t]o the extent that Plaintiffs did not know about the agency action," their time to administratively appeal the decision would be extended, and second, that under applicable BIA regulations, the Plaintiffs also were entitled to appeal an agency official's inaction, such as a failure to give the prescribed written notice. Memorandum Opinion at 55. In rejecting the Plaintiffs' argument that "they did not need to exhaust their remedies because they did not receive notification from the BIA of their right to appeal," Memorandum Opinion at 55, the Court did not opine on whether the Plaintiffs had notice. Rather, the Court applicable stated the law:

> [F]ailure of the agency to give notice of the initial agency action simply extends the time in which the plaintiff can appeal that action. To the extent that the Plaintiffs did not know about the agency action in this case, their time to appeal that action to the reviewing authority begins to run from the time they received notice. See Cheyenne-Araphao Tribes Okla. v. United States, 966 F.2d [583,] 588 [(10th Cir. 1992)]("[F]ailure to give such notice [of administrative action] extends the time in which appeal from the decision may be taken. The regulation is explicit: when proper notice has not been given, the right to appeal continues until such notice is received."). In 25 C.F.R. § 2.7, the Department of the Interior has stated:
>
>> The official making a decision shall give all interested parties known to the decisionmaker written notice of the decision by personal delivery or mail. . . . Failure to give such notice shall not affect the validity of the decision or action but the time to file a notice of appeal regarding such a decision shall not begin to run until notice has been given[.]

> See also 25 C.F.R. § 2.8(a) ("A person or persons whose interests are adversely affected, or whose ability to protect such interests is impeded by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal, as follows . . . .").

Memorandum Opinion at 55.

On April 28, 2010, the Plaintiffs filed their Motion requesting that the Court clarify that it did not address the question whether the Plaintiffs may pursue an administrative appeal under the appropriate administrative review process. On May 12, 2010, the Federal Defendants filed their Response to Plaintiffs' Motion for Clarification of Judgment Pursuant to Fed. R. Civ. Pro. 59(e)("Federal Defendants' Response"). See Doc. 102. The Federal Defendants agreed that the Court had not reached the question, and, taking the Plaintiffs' Motion as a request that the Court clarify its order to state that the Plaintiffs would be permitted to pursue an administrative appeal, the Federal Defendants argued that the Plaintiffs had not met their burden under rule 59(e) by introducing new evidence, showing a change in the law, clear error, or manifest injustice. The Federal Defendants further argued that, to the extent the Plaintiffs asked the Court to opine on whether an administrative appeal is allowed, the Plaintiffs ask the Court to render an advisory opinion on future litigation and that the Court does not have jurisdiction to address the matter. On May 13, 2010, Kinder Morgan filed its Response to the Motion for Clarification by Kinder Morgan Parties ("Kinder Morgan Response"), echoing the Federal Defendants' arguments, contends that the Plaintiffs failed to satisfy rule 59(e)'s substantive requirements by introducing new evidence, or by showing a change in the law, clear error, or manifest injustice. See Doc. 103. On May 14, 2010, Enterprise Products, Transwestern Pipeline, Western Refining, PNM, NMGC, and Tucson Electric (collectively "Grantees"), filed the Joint Response of Defendants Enterprise Products Partners, L.P., Transwestern Pipeline Company, LLC, Western Refining, Inc., Public Service Company of New

Mexico, New Mexico Gas Company, Inc., and Tucson Electric Power Company, in Opposition to Plaintiffs' Motion for Clarification of Judgment Pursuant to Fed. R. Civ. P. 59(e)("Joint Response"). See Doc. 104. The Grantees argue that the question whether the Plaintiffs are allowed to pursue an administrative appeal was not before the Court, that the Motion does not meet rule 59(e)'s requirements, and that it seeks an advisory opinion. On May 17, 2010, El Paso Natural Gas filed El Paso's Response to Plaintiffs' Rule 59(e) Motion ("El Paso Natural Gas' Response"), joining in and adopting the Federal Defendants's Response. See Doc. 107.

On June 4, 2010, the Plaintiffs filed Plaintiffs' Reply in Support of Motion for Clarification of Judgment Pursuant to F.R.C.P. 59(e)("Reply"). See Doc. 111. The Plaintiffs clarified that their rule 59(e) motion sought to confirm that, in holding that a the six-year statute of limitations applied to the Plaintiffs' federal claims against the United States, the Court passed no judgment on the question of the statute of limitations for the Plaintiffs' administrative appeal, which the Plaintiffs filed with the Bureau of Indian Affairs on May 10, 2010. The Plaintiffs asserted that the Defendants misapprehended the Plaintiffs' Motion by interpreting it to ask the Court to find that the Plaintiffs' administrative appeal is not time-barred, when the Plaintiffs "merely ask the Court to clarify that it has *not ruled one way or the other* on the statute of limitations in the administrative process." Reply at 2. The Plaintiffs further noted that the Defendants all argue as much in their responses. At the December 3, 2010 hearing, all the parties agreed to the Court denying the Plaintiffs' Motion and to the Court clarifying in an opinion rather than in an order that effects the judgment that the Court did not address the question whether the statute of limitations for the Plaintiffs to file an administrative appeal had tolled, which is a collateral matter to the issues that the Court addressed in its Memorandum Opinion.

## THE LAW REGARDING RULE OF CIVIL PROCEDURE 59(E)

Federal Rule of Civil Procedure 59(e) provides a mechanism for courts to alter or amend judgments, provided that a motion is filed within twenty-eight days of the judgment's entry. See Fed. R. Civ. P. 59(e)("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The decision whether to effect such an amendment is within the Court's sound discretion. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1231 (10th Cir. 1997). To demonstrate that amendment or alteration of a judgment pursuant to rule 59(e) is appropriate, a party must point to: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of Paracletes v. Does, 204 F.3rd 1005, 1012 (10th Cir. 2000)(citation omitted). See Alto Eldorado Partners v. City of Santa Fe, 664 F. Supp. 2d 1213, 1216 (D.N.M. 2009)(Browning, J.)(noting that, "[u]nlike interlocutory rulings, which district courts have discretionary power to revisit, a court's ability to modify a judgment is more restricted"). A motion for clarification is an inappropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paracletes v. Does, 204 F.3d at 1012 (citation omitted). Rule 59(e) "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Otero v. Natl. Distrib. Co., 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009)(Armijo, J.)(quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998))(internal quotation marks omitted).

## ANALYSIS

The Plaintiffs request that the Court clarify its Memorandum Opinion to affirm that Section III regarding the six-year statute of limitations for actions against the United States does not bear

on the Plaintiffs' rights to pursue an administrative appeal under the appropriate administrative review process. At the December 3, 2010 hearing and in their briefs, the Defendants agree that the Court did not reach the question whether the statute of limitations has tolled on the Plaintiffs' administrative appeals. See El Paso Natural Gas' Response at 1-2 ("[T]he Court's dismissal with prejudice on statute of limitations grounds of the claims against the Federal Defendants . . . has no bearing on whether those same plaintiffs may pursue administrative appeals of the underlying agency decisions which gave rise to the running of the limitations period."); Federal Defendants' Response at 2-3 ("Moreover, in requesting that the Court rule upon the timeliness of future administrative appeals that have yet to be filed, Plaintiffs appear to be seeking an impermissible advisory opinion."); Joint Response at 3 ("The Court did not reach the question whether the expiration of the statute of limitations under 28 U.S.C. § 2401 affects any administrative remedies Allottees may have because it was not briefed and is wholly collateral to the holding described above."); Kinder Morgan Response at 2 ("Plaintiffs apparently seek this Court's guidance on a distinct legal issue (i.e., timeliness of future administrative appeals) not material to the two legal issues considered by the Court namely, whether Plaintiffs claims were time-barred or whether Plaintiffs should have exhausted administrative remedies."). In sum, the Defendants contend:

> Manifestly, this question [of whether administrative appeals are time barred] was not presented by the motions to dismiss, nor could it have been, because none of the Plaintiffs ever pursued any administrative appeal before filing suit. Because the Court correctly expressed no opinion as to the interplay between notice of an agency's decision for purposes of taking an administrative appeal and notice of the same decision for purposes of the running of the statute of limitations, Plaintiffs' Rule 59(e) motion should be denied.

El Paso Natural Gas' Response at 4 (citations omitted).

After carefully reviewing the parties' arguments, and reviewing its Memorandum Opinion, the Court agrees that it did not reach the question whether the expiration of the statute of limitations

under 28 U.S.C. § 2401 affects any administrative remedies allottees may have, because it was not briefed and is collateral to the holdings in its Memorandum Opinion. The Court does not believe, however, that it is necessary or appropriate to alter or to amend its Memorandum Opinion pursuant to rule 59(e) to clarify its ruling. The Court therefore denies the Plaintiffs' Motion.

**IT IS ORDERED** that the Plaintiffs' Motion for Clarification of Judgment Pursuant to F.R.C.P. 59(e), filed April 28, 2010 (Doc. 101), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel of Record*:

Catherine Baker Stetson
Stetson Law Offices, P.C.
Albuquerque, New Mexico

-- and --

Thomas R. Meites
Paul W. Mollica
Jamie S. Franklin
Meites, Mulder, Mollica & Glink
Chicago, Illinois

  *Attorneys for the Plaintiffs*

Tom Sikora
El Paso Corporation
Houston, Texas

-- and --

Mark F. Sheridan
Kristina M. Martinez
Holland & Hart LLP
Santa Fe, New Mexico

-- and –

John A. Bryson
Holland & Hart LLP
Washington, D.C.

-- and --

Troy A. Eid
Jennifer H. Weddle
Greenberg Traurig LLP
Denver, Colorado

>   *Attorneys for Defendants El Paso Corporation and El Paso Natural Gas Company*

Lynn H. Slade
William C. Scott
Walter E. Stern
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendants Enterprise Products Partners, L.P.,*
>     *Transwestern Pipeline Co., LLC, Kinder Morgan Energy*
>     *Partners LP, Kinder Morgan Management LLC, and Knight, Inc.*

David F. Cunningham
Thompson, Hickey, Cunningham, Clow & April, P.A.
Santa Fe, New Mexico

>   *Attorneys for Defendants Public Service Company of New Mexico*
>     *and Tucson Electric Power Company*

John E. DeWulf
Timothy J. Sabo
Darlene M. Wauro
Roskha DeWulf & Patten, PLC
Phoenix, Arizona

>   *Attorneys for Defendant Tucson Electric Power Company*

Clyde F. Worthen
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Defendant New Mexico Gas Company*

Andrew G. Schultz
Nicholas Sydow
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Western Refining Pipeline Company*

Sara E. Costello
Jody Schwarz
United States Department of Justice
Environment & Natural Resources Division
Washington, D.C.

    *Attorneys for Defendants Ken Salazar and the United States of America*